904 F.2d 709
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Daniel D. WRIGHT, Plaintiff-Appellant,
v.
Ted KOEHLER, Warden; John Howley, Deputy Warden; Ray
Wickstrom, Internal Investigator; D. Magadanz, Inspector;
Mike Louma, Sgt. in charge of property; Detective Sgt.
King, Michigan State Police Department, Defendants-Appellees.
 No. 89-1909.
 United States Court of Appeals, Sixth Circuit.
 June 6, 1990.
 
 Before NATHANIEL R. JONES and RYAN, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Daniel D. Wright appeals the summary judgment for defendants in this civil rights action filed under 42 U.S.C. Sec. 1983. Wright alleged that the defendant prison officials and Michigan State Police officer deprived him of his legal materials and caused him to miss a deadline for appealing his armed robbery conviction to the Michigan Supreme Court. The district court concluded that no genuine issue of material facts existed and granted summary judgment for defendants. Upon consideration, we conclude that summary judgment was proper.
 
 
 3
 Generally, summary judgment is proper where the moving party establishes the absence of a genuine issue of material fact and the nonmoving party thereafter fails to adduce evidence that a genuine issue remains for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-50 (1986). The nonmoving party need not negate the opponent's claim, Celotex Corp., 477 U.S. at 323, but must merely point out the absence of evidence supporting the claim. Celotex Corp., 477 U.S. at 324. Here, the district court correctly concluded that no evidence existed supporting plaintiff's contention that the confiscation of his legal materials caused him to lose the right to appeal his criminal conviction to the Michigan Supreme Court.
 
 
 4
 Therefore, the judgment of the district court is affirmed for the reasons stated in its opinion entered June 30, 1989. Rule 9(b)(5), Rules of the Sixth Circuit.